NOT FOR PUBLICATION (Doc. No. 29)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| EDGAR JACKSON, : | |
| : | |
| Plaintiff, : | Civil No. 08-0994 (RBK/JS) |
| : | |
| v. : | **OPINION** |
| : | |
| UNITED STATES OF AMERICA, RYON : | |
| LAMPMAN & COMPANY, LP and JOHN : | |
| DOE # 1-5 (fictitious names), : | |
| : | |
| Defendants. : | |

**KUGLER**, United States District Judge:

This matter arises out of a slip and fall accident, and poses a single question: Is a commercial landowner liable to a third party injured as a result of the negligent failure of its tenant to remove snow and ice from the abutting public sidewalk, where the landlord delegated sidewalk maintenance duties to the tenant in a lease? Presently before the Court is Defendant Ryon Lampman & Company's ("RLC") Motion for Summary Judgment. For the reasons expressed below, the Motion is denied.

**I.      BACKGROUND**

On March 2, 2006, Plaintiff Edgar Jackson ("Plaintiff") slipped and fell on the sidewalk adjacent to the Columbus, New Jersey Post Office located at 231 Atlantic Avenue, Columbus, New Jersey. Plaintiff claims that ice and snow accumulated on the sidewalk causing him to slip

and fall.

At the time of the accident, pursuant to a deed dated November 1, 2002, RLC owned the premises. RLC had a lease agreement with the United States Postal Service ("USPS"), which included a maintenance rider. The maintenance rider states in paragraph (c) that: "The Postal Service is responsible for ordinary repairs to, and maintenance of the demised premises except for those repairs that are specifically made the responsibility of the Lessor in this Lease." Paragraph (d) of the lease goes on to state all repairs that are the responsibility of the lessor, which do not include snow and ice removal.

On January 15, 2010, RLC moved for Summary Judgment. On February 11, 2010, Plaintiff filed a brief in opposition. RLC did not file a reply brief. Both parties having briefed the matter, the Motion is ripe for review.

## II.   STANDARD

Summary judgment is appropriate where the court is satisfied that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" Marino v. Indus. Crating Co., 358 F.3d 241 (3d Cir. 2004) (quoting Anderson, at 477 U.S. at 255).

"[T]he party moving for summary judgment under Fed. R. Civ. P. 56(c) bears the burden

of demonstrating the absence of any genuine issues of material fact." Aman v. Cort Furniture Rental Corp., 85 F.3d 1074, 1080 (3d Cir. 1996). The moving party may satisfy its burden either by "produc[ing] evidence showing the absence of a genuine issue of material fact" or by "'showing' -that is, pointing out to the district court- that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). If the moving party satisfies its burden, the nonmoving party must respond by "set[ting] out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). "If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party." Id.

### III.  DISCUSSION

RLC argues that it cannot be held liable to Plaintiff pursuant to the maintenance rider in the lease agreement with USPS. Plaintiff argues that he is a business invitee of both USPS and RLC and therefore RLC can be liable because both landlords and tenants are liable to an invitee. The parties agree that Plaintiff slipped on ice and snow that had accumulated on the sidewalk adjacent to the Post Office, which was property that RLC owned. Because there are no material facts in dispute, the question before the Court is whether RLC is entitled to judgment as a matter of law. The Court finds that RLC is not.

In New Jersey, it is well-settled that commercial landowners have a duty to maintain the adjacent sidewalk in a reasonably good condition and are liable to pedestrians injured as a result of their negligent failure to do so. Stewart v. 104 Wallace St., Inc., 432 A.2d 881, 887 (N.J. 1981). Maintaining the adjacent sidewalk in a reasonably good condition also includes the removal of snow and ice. See Mirza v. Filmore Corp., 456 A.2d 518, 521 (N.J. 1983) (reasoning that snow removal is less expensive and more easily accomplished than extensive sidewalk repair

and commercial landowners should be encouraged to eliminate or reduce dangers which may be easily prevented). Even where a commercial landowner has allocated sidewalk maintenance duties to its tenant, the landowner is still liable to third parties injured due to the negligent failure of the tenant to exercise due care in removing snow and ice accumulations on the abutting public sidewalk. Vasquez v. Mansol Realty Ass'n, Inc., 655 A.2d 82, 84 (N.J. Super. Ct. App. Div. 1995).

Here, the facts of this case are squarely in line with those in Vasquez. Plaintiff slipped and fell due to snow and ice on the adjacent sidewalk of the property that RLC owned and leased to USPS. RLC, a commercial landowner, argues that they delegated their duties to maintain the sidewalk to USPS pursuant to the lease agreement. However, under New Jersey law, a landowner's obligation to the public to provide a "safe and unimpeded passage along the sidewalk . . . constitutes a non-delegable duty." Id. at 83. The public cannot be deprived of the right to a safe sidewalk solely because a commercial landowner delegated certain responsibilities to the tenant. Id. If a tenant does not fulfill its duty to maintain the sidewalk in a reasonably safe condition, the landowner has assumed the risk, not the public, and the landowner is liable to injured third parties. Id. The maintenance rider in the lease agreement does not justify RLC's failure to provide the public with a safe and unimpeded use of the sidewalk. Accordingly, RLC is not entitled to judgment as a matter of law.[1]

**IV.   CONCLUSION**

---

[1] Nothing in this Opinion should be construed to absolve USPS from any potential liability. The effect of the lease provision requiring the tenant to maintain the sidewalk may allocate the cost between the landowner and tenant. Vasquez v. Mansol Realty Ass'n, Inc., 655 A.2d 82, 83 (N.J. Super. Ct. App. Div. 1995). The lease agreement does not, however, absolve either the landlord or the tenant from liability to innocent third parties. Id.

For the foregoing reasons, Ryon Lampman & Company's Motion for Summary Judgment is **DENIED**.  An appropriate Order shall follow.


Date: 7-21-2010                                                         /s/ Robert B. Kugler
                                                                        ROBERT B. KUGLER
                                                                        United States District Judge